UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>)<br>-v- )<br>)<br>RODNEY THEODORE TILLMAN, )<br>Defendant. )<br>_____ ) | No. 1:07-cv-197<br><br>Honorable Paul L. Maloney |

## OPINION GRANTING MOTION FOR REDUCED SENTENCE

Defendant Rodney Tillman requests the Court reduce his sentence under the First Step Act. (ECF No. 121.) In 2008, this Court sentenced Tillman to 228 months imprisonment followed by a consecutive sentence of 60 months. Since his sentence was imposed, Congress passed the Fair Sentencing Act and then the First Step Act, which implicate one of the crimes for which Tillman is currently imprisoned. In addition, a global pandemic, Covid-19, has been infecting and killing people, and has already spread to federal penal institutions including the institution where Tillman is housed. Tillman requests a sentence of time served. For the reasons explained below, Tillman is entitled to a reduced sentence.

I.

In 2008, Tillman pled guilty to three counts: (1) possession with intent to distribute 5 grams or more of crack cocaine, (2) using or carrying a firearm in relation to a drug trafficking crime, and (3) felon in possession of a firearm. Tillman had two prior drug-related felonies, both violations of the Michigan statute criminalizing possession with intent to deliver less

than 50 grams of a controlled substance, Michigan Compiled Laws § 333.7401(2)(a)(iv). Because of his prior felonies, Tillman's guideline range was calculated using the career offender guideline, U.S.S.G. § 4B1.1 and not the controlled substance guideline, U.S.S.G. § 2D1.1. Tillman's statutory maximum was life imprisonment, 21 U.S.C. § 841(b)(1)(B)(iii), resulting in an offense level of 37, U.S.S.G. § 4B1.1(b)(1) and a criminal history category VI. Tillman was given a three-level reduction for a total offense level of 34. This Court departed from the Sentencing Guidelines and opted to sentence Tillman using the criminal history category IV. (ECF No. 55 Sent. Trans. at 22-23 PageID.327-28.) Tillman's sentencing guideline range was 210 to 262. However, his conviction for using or carrying a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), required the Court to impose a five-year sentence consecutive to any other term of imprisonment. *See Abbott v. United States*, 562 U.S. 8, 13 (2010).

## II.

### A.

Tillman argues he is eligible for a reduced sentence under the First Step Act. The Government argues Tillman is not eligible because at his plea he acknowledged possession of 31 grams of crack. With a few exceptions, federal courts have generally rejected the statutory interpretation advanced by the Government in this case.

In 2010, Congress enacted the Fair Sentencing Act, which substantially reduced the sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine associated with the offense to trigger certain mandatory minimum sentences. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc). Relevant to Tillman,

Congress increased the threshold quantity in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more to 28 grams or more. Congress did not make the changes retroactive and those defendants, like Tillman, who were sentenced prior to the Fair Sentencing Act, were not provided any relief.

In 2018, Congress enacted the First Step Act which, in section 404, made the Fair Sentencing Act changes to crack cocaine offenses retroactive. Even when a defendant is eligible for resentencing, the statute leaves the decision within the discretion of the district court. *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (per curiam). A defendant is eligible for a reduced sentence if his or her prior conviction is a "covered offense," which is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Pub. L. No. 115-391 § 404; 132 Stat. 5194 (2018). Circuit courts have interpreted the phrase "covered offense" as referring to the statute of conviction and not to the defendant's conduct. *See Beamus*, 943 F.3d at 791 ("The Act permits a court that sentenced the defendant for an offense for which 'the statutory penalties . . . were modified by the Fair Sentencing Act . . . .'"). *Accord United States v. Smith*, —F.3d—, 2020 WL 1698797, at *3-*5 (1st Cir. Apr. 8, 2020); *United States. v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019); *United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019). Accordingly, the Court looks to the language in the statute to which Tillman pled guilty, and not to the conduct to which Tillman admitted at his plea hearing.

Tillman is eligible for resentencing under the First Step Act. He was convicted of violating 28 U.S.C. § 841, a criminal statute whose penalties have been modified by the First Step Act. And, Tillman committed his offense and was sentenced before August 3, 2010. Tillman was charged with and convicted of violating § 841(b)(1)(B)(iii). At the time he was sentenced, that statute applied to crimes involving 5 grams or more of cocaine base. Following the First Step Act, the same provision applies to crimes involving 28 or more grams of cocaine base. The crime with which Tillman was charged and to which he pled guilty now falls under § 841(c), which imposes a statutory maximum of 20 years, or 30 years with a prior felony drug offense.

Tillman's guideline range for the possession with intent to distribute conviction will be reduced.[1] If he is sentenced as a career offender under U.S.S.G. § 4B1.1(b)(2), his offense level would be 34 (statutory maximum of 25 years or more), before adjustments. If he is not sentenced as a career offender (§ 4B1.1) and his offense level is calculated based on the quantity of controlled substances involved in the crime (§ 2D1.1), Tillman's offense level falls significantly. In the Presentence Report, the probation officer used U.S.S.G. § 2D1.1(c)(7) to find that Tillman's offense level would be 26 (at least 20 grams but less than 35 grams of crack cocaine). Using the current Sentencing Guidelines, if the Court used the 31 grams to which Tillman pled, he would have an offense level 24 under § 2D1.1(c)(8) (at least 28 grams but less than 112 grams of crack cocaine). Alternatively, if the Court used the

---

[1] Tilman's conviction for a felon in possession of a firearm would not be used to calculate his sentence. Regardless of whether Tillman's prior convictions can be considered, his offense level is higher using the § 841 conviction than his offense level for the § 922 conviction.

5 grams or more which was the amount identified in the statute of conviction, Tillman's offense level would be 14 under § 2D1.1(c)(13) (at least 2.8 grams but less than 5.6 grams of crack cocaine).

B.

In his reply brief, Tillman argues that his prior convictions can no longer be considered in order to enhance his sentence as a career offender. Because this argument was not raised in his original motion, the Government has not responded to this argument. Ordinarily, the Court does not consider arguments raised for the first time in a reply brief. *See Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 820 F.2d 186, 189 (6th Cir. 1987). As noted below, both the initial *en banc* opinion and the opinion denying the motion for reconsideration issued before Tillman's motion was filed on July 24, 2019.

On June 6, 2019, an *en banc* panel of the Sixth Circuit published *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Applying the categorical approach, which considers the least of the acts criminalized by a statute, the court concluded that a Tennessee statute did not qualify as a controlled substance offense under the federal Sentencing Guidelines. The court explained that the Guidelines Manual does not include attempt crimes as controlled substance offenses. *Id.* at 386. The least culpable conduct covered by the Tennessee statute is the attempted delivery of a controlled substance. *Id.* at 385. The commentary for the guideline provision which discusses attempt crimes has no legal force and cannot replace or modify the text of the guideline itself. *Id.* at 386. As a result, prior convictions under the Tennessee statute could not be counted as controlled substance offenses and used to enhance an offense level. *Id.* at 387.

On July 12, 2019, the Sixth Circuit issued an order denying a motion for reconsideration. *United States v. Havis*, 929 F.3d 317, 318 (6th Cir. 2019). Accompanying the order in a concurrence, Judge Sutton raised a concern not addressed by the parties that would likely result in application of the career offender enhancement. Judge Sutton observed that, under federal law, attempted distribution of a controlled substance is prosecuted under § 846, not under § 841. *Id.* at 319. Thus, when a defendant is charged with and convicted of the attempted delivery of a controlled substance, the guideline range is not determined by § 2D1.1. Judge Sutton then pointed out that, like federal law, Tennessee also separately criminalizes attempting to violate drug laws. *Id.* at 320. Because Havis pled to the completed offense under Tennessee law, and not the attempt provision of Tennessee law, Judge Sutton concluded that the convictions likely qualified as controlled substance offenses. *Id.*

Following Judge Sutton's reasoning, the Court concludes that Tillman's two prior convictions count as controlled substance violations for the purpose of the career offender guideline.[2] *See United States v. Powell*, No. 5:19-069-DCR, 2019 WL 6617397, at *2-*3 (E.D. Ky. Dec. 5, 2019) (sentencing the defendant as a career offender and following Judge Sutton's concurrence when the defendant had two prior convictions for violations of Michigan Compiled Laws § 333.7401). Tillman has twice pled guilty violating Michigan Compiled Laws § 333.7401. Prior to *Havis*, the Sixth Circuit found that violations of §

---

[2] In the Court's recent experience, when afforded the opportunity, the Government has consistently raised at sentencing the nuanced argument outlined by Judge Sutton. Here, the Government was not afforded the opportunity to raise the argument because Tillman did not suggest *Havis* applied until his reply brief.

333.7401 counted as a controlled substance violation. *United States v. Solomon*, 592 F. App'x 359, 361 (6th Cir. 2014) (applying, prior to *Havis*, a categorical approach to § 333.7401 for the purpose of determining whether the defendant was a career offender under the Sentencing Guidelines). Like Tennessee, Michigan has a separate statute for attempted violations of controlled substance statutes. Mich. Comp. Laws § 333.7407a(1). Tillman did not pled guilty to violating the attempt statute.

C.

The Court concludes Tillman is eligible for a reduced sentence consideration under the First Step Act. The Court also concludes Tillman should be resentenced as a career offender. Tillman is not entitled to a *de novo* resentencing hearing. *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019). As explained above, Tillman qualifies as a career offender, with a statutory maximum of 30 years, resulting in a base offense level 34. U.S.S.G. § 4B1.1(b)(2). Tillman received a three-level reduction for acceptance of responsibility, bringing his total offense level to 31. The Court previously opted to sentence Tillman using a criminal history category IV. Accordingly, his sentencing guideline range is 151 to 188, before imposition of the addition 60 months consecutive sentence.[3]

Consistent with the earlier sentence, the Court will impose a reduced sentence in the middle of the guideline range, 168 months for Count 1. The sentences for the other counts do not change. The sentence for Count 3, 120 months concurrent with Count 1, does not change because Tillman is still considered a career offender. The sentence for Count 2

---

[3] Tillman reached the same conclusion in his initial brief. (ECF No. 121-2 Def. Br. at 14 PageID.980.)

remains 60 months and must be served consecutive to the sentences for Counts 1 and 3. And, the federal sentences run concurrent with the sentence imposed by the Kent County Circuit Court in case number 96-08758-FH.

In imposing this reduced sentence, the Court has considered the factors provided in 18 U.S.C. § 3553. *See United States v. Allen*, —F.3d—, 2020 WL 1861973, at *2 (6th Cir. Apr. 14, 2020) ("The First Step Act does not prohibit courts from considering the factors outlined in § 3553(a), . . . ."). Most of those factors have not changed since the earlier sentence. (Sent. Trans. at 19-22 PageID.324-27.) When the Court sentenced Tillman in 2008, his 60-month consecutive sentence was taken into consideration. (*Id.* at 23-24 PageID.328-29.) Tillman's post-sentence efforts at rehabilitation are noted, as are his misconducts. The combination of these events does not compel the Court to alter the decision to sentence Tillman in the middle of the guideline range.

Finally, the Court must mention Tillman's "time-sensitive supplemental memorandum." (ECF No. 126.) Tillman offers, as an additional justification for a time-served sentence, the threat to his health posed by Covid-19. Under § 3553(a)(2)(D), a court can consider the need to provide the defendant with medical care. Tillman suffers from diabetes and asthma, two medical conditions for which the Bureau of Prisons can provide more than adequate treatment. The Court has not been made aware that Tillman has tested positive for Covid-19. The Court notes that 18 U.S.C. § 3582(c)(1)(B) provides the "vehicle" for reducing Tillman's sentence under the First Step Act. *See Allen*, at *2. A different provision, § 3582(c)(1)(A)(i) provides the Court with authority to consider "extraordinary and compelling reasons" to reduce a sentence, a provision frequently referred to as

compassionate release. That provision requires Tillman to first exhaust administrative remedies with the Bureau of Prisons.

### III.

Tillman is eligible for a reduced sentence under the First Step Act. Accordingly, the Court **GRANTS** Tillman's motion (ECF No. 121) and will impose a sentence of 168 months for Count 1. The sentences for Counts 2 and 3 are not changed. An order reflecting the findings in this Opinion will issue contemporaneously.


Date:  April 23, 2020                                                       /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge